**The STATE of Ohio, Appellee,**

**v.**

**FUCHS, Appellant.**

[Cite as *State v. Fuchs* (1993), 92 Ohio App.3d 15.]

Court of Appeals of Ohio,
Butler County.

No. CA93–06–131.

Decided Dec. 27, 1993.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Barbara Schneider*, Assistant Prosecuting Attorney, for appellee.

*J. Randall McClain*, for appellant.

---

WILLIAM W. YOUNG, Judge.

Defendant-appellant, James M. Fuchs, appeals his conviction for operating a gambling house in violation of R.C. 2915.03(A)(1).

The undisputed events that resulted in appellant's conviction began February 17, 1993 when Butler County undercover deputies entered appellant's bar, the Port Union Cafe. The deputies were investigating complaints of gambling in appellant's bar. In the bar, the deputies bought chances in a game called "Super Duck." "Super Duck" was a tip-ticket game that was advertised and played in the bar. Participants could buy three chances for one dollar for a possible payoff from $1 to $100, depending on what numbers or sequence of numbers appeared on the ticket. Contending that this was a scheme of chance, the deputies charged appellant with operating a gambling house in violation of R.C. 2915.03(A)(1).

At a trial in Butler County Court of Common Pleas, it was established that appellant was operating the "tip-ticket" game for Freedom Roads Foundation. Appellant signed forms stating that he was a volunteer for Freedom Roads, a tax-exempt organization under Title 26, U.S.Code, Section 501(c)(3). Appellant gave Freedom Roads all of the proceeds from the game. Freedom Roads would then pay appellant twenty-five percent of the proceeds as rent. Based on these undisputed facts, the trial court found appellant guilty of operating a gambling house.

On appeal, appellant alleges as his sole assignment of error that the trial court erred as a matter of law by finding him guilty of operating a gambling house. Appellant claims that he did not violate Ohio's gambling laws because he operated the scheme for Freedom Roads, a charity, and did not profit from the venture. Both appellant and the state agree that appellant owned the Port Union Cafe, that the "tip-tickets" being sold in the bar were a scheme of chance and that Freedom Roads is a charitable organization. Thus, the only issue is whether

the rent payment to appellant was an operation expense incurred by Freedom Roads or compensation to the appellant.

After analyzing Ohio's gambling laws, we find that appellant's twenty-five-percent cut was not a reasonable cost of operating the gambling. Rather, appellant's percentage compensated him. Therefore, his assignment of error is overruled.

Appellant was charged under R.C. 2915.03(A)(1), which prohibits an owner of an establishment from using the premises in violation of R.C. 2915.02, Ohio's general ban on gambling. Appellant does not contest that he owned the establishment or that gambling occurred. Rather, he claims exemption under R.C. 2915.02(D)(1). This section exempts schemes of chance conducted by charitable organizations from Ohio's gambling regulations, provided all of the funds received after payout of the prizes are given to charity or used for reasonable expenses associated with running the scheme of chance. Appellant claims his twenty-five percent of sales was rent expense for Freedom Roads and, therefore, not compensation.

Appellant correctly asserts that R.C. 2915.02(D)(1) does exempt charitable organizations from gambling laws. However, all of the funds received must be given to charities and cannot provide a profit or compensation to anyone. Ohio's gambling statute states:

"No person shall receive any commission, wage, salary, reward, tip, donation, gratuity, or other form of compensation, directly or indirectly, for operating or assisting in the operation of any scheme or game of chance." R.C. 2915.-02(D)(2)(e).

In its comment to Am.Sub.H.B. No. 511,[1] the Ohio legislature explains that charitable organizations may pay necessary expenses out of gambling proceeds. But, "if the expenses are unreasonable under the circumstances, they cannot be necessary." Committee Comment to Am.Sub.H.B. No. 511. In another comment to Am.Sub.H.B. No. 511, the Ohio legislature explains that if a "percentage of the pot or pool is taken * * * then profit enters the picture."

We conclude that whether this was an expense or compensation was a factual determination to be made by the trier of fact and this determination will not be reversed on appeal when substantial evidence supports the finding. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304. Substantial evidence does support the trial court's decision that appellant's twenty-five percent of the proceeds was compensation and an unreasonable expense. Appellant claims his twenty-five percent of the gambling proceeds was rent, an expense Freedom

---

1. Am.Sub.H.B. No. 511 enacted R.C. 2915.02. 134 Ohio Laws, Part II, 1866, 1936.

Roads must incur when running the game. Appellant incurred no expenses that the rent from Freedom Roads would have covered. Furthermore, since the sum was a percent of sales, it is a commission on the sales appellant makes rather than rent for space in his bar. The Ohio legislature considers money taken from the pool of gambling funds to be profit, which is exactly what is occurring in this case. Thus, under Ohio's gambling laws, appellant was illegally profiting from a scheme of chance even though it was run by a charity.

In conclusion, the rent Freedom Roads paid appellant was not an expense the Ohio legislature contemplated when allowing charities to pay reasonable expenses incurred by running a scheme of chance. Rather, the twenty-five percent of the sales proceeds that appellant received was profit, resulting in a violation of Ohio's gambling laws. Accordingly, appellant's assignment of error is overruled and his conviction for violating R.C. 2915.03(A)(1) is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and WALSH, J., concur.